**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 04-4055**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

STEVEN RAY RICKS,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Bryson City.  Lacy H. Thornburg, District Judge.  (CR-03-86)

Submitted:  December 22, 2005      Decided:  February 3, 2006

Before LUTTIG, MICHAEL, and MOTZ, Circuit Judges.

Affirmed in part, and vacated and remanded in part by unpublished per curiam opinion.

David G. Belser, BELSER & PARKE, Asheville, North Carolina, for Appellant.  Gretchen C. F. Shappert, United States Attorney, Charlotte, North Carolina; Amy E. Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

A jury convicted Steven Ray Ricks of two counts of aggravated sexual abuse of a minor in violation of 18 U.S.C.A. §§ 1152 and 2241 (2000) for twice assaulting his six-year-old stepdaughter. He received two concurrent 180-month prison terms. Ricks appeals, challenging both his convictions and sentence. We affirm his convictions but remand for resentencing.

I.

Ricks first complains that his convictions violated the Sixth Amendment's Confrontation Clause because the court allowed three witnesses to testify about out-of-court statements by his stepdaughter. This argument fails, however. Because his accuser testified and was cross-examined, "the Confrontation Clause places no constraints at all on the use of" her prior statements. Crawford v. Washington, 541 U.S. 36, 59 n.9 (2004) (citing California v. Green, 399 U.S. 149, 162 (1970)).

Ricks argues that even though his stepdaughter was present, he was effectively denied the right to cross-examine her because she testified with the assistance of an interpreter (after the court found her answers to its questions inaudible), and because she claimed not to remember making the accusations in question. This argument fundamentally misunderstands the Sixth Amendment's guarantee, however. "[T]he Confrontation Clause guarantees only

2

'an <u>opportunity</u> for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish.'" <u>United States v. Owens</u>, 484 U.S. 554, 559 (1988) (quoting <u>Kentucky v. Stincer</u>, 482 U.S. 730, 739 (1987)). "It is sufficient that the defendant has the opportunity to bring out such matters as the witness' bias, [her] lack of care and attentiveness . . . and even . . . the very fact that [she] has a bad memory." <u>Id.</u> Here, because the defendant had a sufficient opportunity to question his stepdaughter and to further develop any inconsistencies between her statements in court and her out of court accusations conveyed by other witnesses -- indeed, she directly answered every question asked by his attorney -- Ricks was not deprived of his rights under the Confrontation Clause.

## II.

Ricks's challenge to his sentence, however, is more meritorious. He contends that the district court unconstitutionally enhanced his sentence based on facts not found by the jury in violation of <u>United States v. Booker</u>, 125 S. Ct. 738 (2005).[*]

---

[*]Ricks also contends that the indictment violated <u>Booker</u> because it failed to allege that the victim was in his "custody, care, or supervisory control." This argument misunderstands <u>Booker</u>, however. The Supreme Court did not transform every fact required to enhance a sentence into an element of the underlying

3

The jury convicted Ricks of two counts of sexually assaulting a minor, a crime that carries a base offense level of 27. See United States Sentencing Guidelines ("USSG") § 2A3.1 (2003). The court properly enhanced the offense level by 4 for assaulting a victim less than twelve years of age -- a fact alleged in the indictment. See id. § 2A3.1(b)(2)(A). The court also properly enhanced the offense level by 2 because the jury convicted Ricks of multiple counts. See id. § 3D1.4. With this offense level of 33 and a criminal history category of I, Ricks could have received a sentence ranging from 135-168 months. See id., Ch. 5, Pt. A (2003) (sentencing table).

The district court, however, imposed still another enhancement based on Ricks's role as his stepdaughter's caregiver. Id. § 2A3.2(b)(1). The Government concedes that this enhancement resulting in a 180-month sentence was based on an additional fact not found by the jury or admitted by Ricks, and thus violated his constitutional rights. See Brief of Appellee at 36-37. It also concedes that it bears the burden of proving this error was harmless because Ricks objected to the enhancements at his sentencing. Id.; see also United States v. Mackins, 315 F.3d 399,

offense; it merely held that a sentence could not be enhanced based on facts not found by a jury or admitted by the defendant. The offenses for which Ricks was convicted only required proof that he "knowingly engage[d] in a sexual act with another person who has not attained the age of 12," 18 U.S.C. § 2241(c), and that he be a non-Indian who committed a crime against an Indian on Indian lands, id. § 1152. Because those facts were clearly alleged in his indictment, it was not "defective."

405 (4th Cir. 2003). Because the 180-month sentence exceeded the 168-month maximum that Ricks could have received based only on the facts found by the jury or admitted by Ricks, the error was not harmless.

We therefore remand to the district court for resentencing. On remand the "district court shall first calculate (after making the appropriate findings of fact) the range prescribed by the guidelines." United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005). The court should then "consider that range as well as other relevant factors set forth in the guidelines and those factors set forth in § 3553(a)." Id. If the court chooses to impose a sentence outside that range, "it should explain its reason for doing so." Id.

III.

For the foregoing reasons the judgment of the district court is

AFFIRMED IN PART,
AND VACATED AND REMANDED IN PART.