**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 06-4526**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

STEVEN RAY RICKS,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Bryson City.  Lacy H. Thornburg, District Judge.  (2:03-cr-00086-LHT)

Submitted:  May 23, 2007          Decided:  July 12, 2007

Before MICHAEL and MOTZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

David G. Belser, BELSER & PARKE, Asheville, North Carolina, for Appellant.  Gretchen C. F. Shappert, United States Attorney, Charlotte, North Carolina, Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Steven Ray Ricks appeals the sentence imposed following remand for resentencing. In our prior decision, we affirmed Ricks's convictions of two counts of aggravated sexual abuse of a minor in violation of 18 U.S.C.A. §§ 1152, 2241(c) (West 2000 & Supp. 2007), but vacated Ricks's sentence and remanded for resentencing pursuant to United States v. Booker, 543 U.S. 220 (2005). United States v. Ricks, 166 F. App'x 37 (4th Cir. 2006).

On remand, the district court utilized the same Guidelines* calculations that were applied at Ricks's initial sentencing — a total offense level of thirty-five, criminal history category I, and a sentencing range of 168 to 210 months. At the resentencing hearing, Ricks continued his objection to the two-level enhancement imposed pursuant to USSG § 2A3.1(b)(3)(A) based on his role as the victim's caregiver. The district court overruled Ricks's objection and sentenced Ricks to 180 months' imprisonment. Ricks timely appealed. We affirm.

On appeal, Ricks asserts that the district court violated his Sixth Amendment rights in imposing the two-level enhancement because the facts supporting it were neither alleged in the indictment nor found by the jury. Ricks does not challenge the accuracy of the district court's factual findings and resultant Guidelines determinations. In our earlier consideration of his

---

*U.S. Sentencing Guidelines Manual (2003).

sentence, we specifically rejected Ricks's assertion that the facts supporting this enhancement must be alleged in the indictment. Ricks, 166 F. App'x at 39 n.*.

After Booker, a district court is no longer bound by the range prescribed by the Sentencing Guidelines. United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005). However, in imposing a sentence post-Booker, courts still must calculate the applicable Guidelines range after making the appropriate findings of fact and consider the range in conjunction with other relevant factors under the Guidelines and 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2007). United States v. Moreland, 437 F.3d 424, 432 (4th Cir.), cert. denied, 126 S. Ct. 2054 (2006). This court will affirm a post-Booker sentence if it "is within the statutorily prescribed range and is reasonable." Id. at 433 (internal quotation marks and citation omitted). "[A] sentence within the proper advisory Guidelines range is presumptively reasonable." United States v. Johnson, 445 F.3d 339, 341 (4th Cir. 2006).

The district court explicitly treated the Guidelines as advisory, and sentenced Ricks only after considering the Sentencing Guidelines, the § 3553(a) factors, and counsel's arguments. Although the district court did not recite facts to support each § 3553(a) factor, the court need not "robotically tick through § 3553(a)'s every subsection" or "explicitly discuss every § 3553(a) factor on the record." Johnson, 445 F.3d at 345. Thus,

the Sixth Amendment error that occurred at the first sentencing was cured by Ricks's resentencing under an advisory Guidelines scheme. We also conclude that Ricks's sentence is reasonable.

We therefore affirm Ricks's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED